UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re

Felicity A. Ferrell,

Debtor

Chapter 7
Case No. 15-10370

## ORDER DENYING MOTION TO DISMISS

Felicity A. Ferrell has asked the Court for an order that accomplishes two things: first, a dismissal of her chapter 7 case and second, a prohibition on her filing any type of case under Title 11 for 180 days. *See* Debtor's Motion for Order Approving Voluntary Dismissal [D.E. 30] (the "Motion to Dismiss"). Because Ms. Ferrell has not met her burden of establishing cause for dismissal, the Motion to Dismiss is denied.

**A.    Background**

Ms. Ferrell started this chapter 7 case by filing a voluntary petition in June 2015. In her schedules, she identified Kevin R. Hall as the holder of three unsecured claims totaling about $150,000. A few months later, Mr. Hall objected to Ms. Ferrell's receipt of a discharge under section 727. *See* Hall v. Ferrell, Adv. Proc. 15-1028. That objection is premised on Mr. Hall's twin contentions that Ms. Ferrell fraudulently transferred property within one year prior to her bankruptcy filing and that she gave false information in the case (whether by way of the schedules and the statement of financial affairs or by way of testimony at the section 341 meeting, or both). The adversary proceeding is in the discovery phase.

The United States Trustee learned of the adversary proceeding and later moved the Court for an order extending the deadline for him to object to Ms. Ferrell's receipt of a discharge. *See* Motion for Extension of Time to Object to Discharge Pursuant to 11 U.S.C. § 727 [D.E. 25] (the

"Motion to Extend"). In the Motion to Extend, the United States Trustee expressed a belief, formed after inquiry to the chapter 7 trustee, that "facts may exist which would provide a basis for revocation of discharge under 11 U.S.C. § 727(d)." Ms. Ferrell objected to the Motion to Extend, and a continued hearing on the motion is scheduled for February 4, 2016.

About a month after the Motion to Extend was filed, Ms. Ferrell filed the Motion to Dismiss. Although the United States Trustee supports the Motion to Dismiss, Mr. Hall does not. He filed a timely objection and appeared in opposition to the motion at a hearing on January 21, 2016. During that hearing, the Court asked whether any of the parties sought an evidentiary hearing before the Court ruled on the Motion to Dismiss. None of the parties asked for an evidentiary hearing.

**B.    Analysis**

Having sought the protections of the Bankruptcy Code and invoked the jurisdiction of the Bankruptcy Court and as the movant seeking relief from the Court, Ms. Ferrell bears the burden of establishing cause for dismissal. *See* 11 U.S.C. § 707(a); In re Acosta-Rivera, 557 F.3d 8, 13 n.7 (1st Cir. 2009)(noting, in dicta, that "under 11 U.S.C. § 707(a), a chapter 7 debtor has no absolute right to dismiss his petition but must instead show cause."); In re Stephenson, 262 B.R. 871, 874 (Bankr. W.D. Okla. 2001)(holding that chapter 7 debtor had the burden of establishing cause under section 707(a)).[1]

Ms. Ferrell's request for a dismissal of her case is a contested matter governed by Fed. R. Bankr. P. 9014. *See* Fed. R. Bankr. P. 1017(f)(1); *cf.* In re Laughlin, 210 B.R. 659 (1st Cir. B.A.P. 1997)(holding that a motion for an order abating tax penalties created a Rule 9014 contested matter when there was an actual dispute about the movant's entitlement to relief, even

---

[1] No party contended that this case should be dismissed under 11 U.S.C. § 707(b) as an abusive chapter 7 filing or under 11 U.S.C. § 707(c) as involving a crime of violence or a drug trafficking crime. Accordingly, the Court has treated the Motion to Dismiss as seeking dismissal under 11 U.S.C. § 707(a).

in the absence of an objection filed with the Court).  In part, Rule 9014 provides that the "[t]estimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding."  Fed. R. Bankr. P. 9014(d).  The Advisory Committee Notes explain further:

> Subdivision (d) is added to clarify that if the motion cannot be decided without resolving a disputed material issue of fact, an evidentiary hearing must be held at which testimony of witnesses is taken in the same manner as testimony is taken in an adversary proceeding or at a trial in a district court civil case.  Rule 43(a), rather than Rule 43(e), F.R. Civ.P. would govern the evidentiary hearing on the factual dispute.  Under Rule 9017, the Federal Rules of Evidence also apply in a contested matter.  Nothing in the rule prohibits a court from resolving any matter that is submitted on affidavits by agreement of the parties.

Fed. R. Bankr. P. 9014 advisory committee's note to 2002 amendment; *see also* Fed. R. Bankr. P. 9017 (making Fed. R. Civ. P. 43 applicable to cases under the Bankruptcy Code).

The Court cannot determine whether there is cause for dismissal without resolving disputed issues of material fact.  As noted, there are allegations of debtor misconduct; those allegations are disputed by Ms. Ferrell.  Additionally, there are disputes about the relative benefits and burdens of a dismissal of this chapter 7 case.  No party attempted to introduce any evidence at the hearing on the Motion to Dismiss, and each of the parties specifically declined the opportunity for an evidentiary hearing.  The statements of counsel for the Debtor and for the United States Trustee on the record during the hearing are not evidence.  Similarly, Mr. Hall's statements during the same hearing are not evidence.  That leaves the Court to decide the Motion to Dismiss solely on the basis of the uncontested factual allegations in the motion.

The Motion to Dismiss contains no factual allegations that, if established, would constitute cause for dismissal.  Instead, the motion only recites the terms and conditions of the proposed dismissal.  While the terms and conditions of the proposed dismissal may be reasonable, the initial question under the statute is whether there is cause for dismissal.  *See* 11

U.S.C. § 707(a). The Motion to Dismiss lacks any explanation of how or why the Debtor would benefit from a dismissal of her case. The motion also lacks any explanation of why her creditors would not be harmed by a dismissal of the case. In short, Ms. Ferrell has failed to meet her burden in this contested matter.

The Court is aware that the United States Trustee supports the motion and views the requested dismissal as an appropriate resolution of the case based on the facts currently known to him. Given his prescribed role in Title 11 cases, the United States Trustee's views on matters such as this one are entitled to significant weight in the analysis. But those views—no matter how informed or persuasive—cannot overcome the failure of a burden of proof in a contested matter.

The parties should not equate the denial of the Motion to Dismiss with the Court's adoption of, or agreement with, the arguments raised by Mr. Hall. Several of those arguments are unconvincing. First, Mr. Hall contends that a dismissal of Ms. Ferrell's case, at her insistence, would be a reward for what he portrays as her abuse of the bankruptcy system. At this point, there have been no factual findings to support the contention that Ms. Ferrell has abused the bankruptcy system. There are allegations, but no findings. Given that there have not been findings of debtor misconduct, the Court views the dismissal of a case, with a 180-day ban on the filing of cases under Title 11, as something other than a reward.

Next, Mr. Hall argues that the case should be dismissed with prejudice under 11 U.S.C. § 707(b)(3)(A). Section 707(b)(3)(A) instructs the Court to consider, in certain cases, whether the petition was filed in bad faith. Section 707(b)(3)(A) does not, as Mr. Hall seems to believe, authorize the Court to impose a permanent ban on Ms. Ferrell seeking bankruptcy relief. A ban on the filing of a subsequent case or cases may be authorized, for cause, under section 349. *See*

11 U.S.C. § 349(a).  A finding of bad faith under section 707(b)(3)(A) may be considered in determining, under section 349, whether there is a cause for the imposition of a ban on filing subsequent cases for some period of time.  But simply invoking section 707(b)(3)(A) in a case where there has been no determination of bad faith is insufficient.

Third, Mr. Hall appears to misunderstand the nature of the pending adversary proceeding.  In his objection to the Motion to Dismiss, Mr. Hall characterized that proceeding as "seek[ing] to establish, inter alia, sufficient grounds for dismissal with prejudice and referral to the U.S. Attorney's Office for prosecution for abuse of the Bankruptcy process."  <u>Objection to Debtor's Motion for Order Approving Voluntary Dismissal</u> [D.E. 31] at 2.   In fact, Mr. Hall's complaint seeks a denial of discharge, nothing more.  He did not ask for a dismissal of the case (with prejudice or otherwise), and there is no mention of a referral to the United States Attorney in his complaint.[2]

At the hearing on the Motion to Dismiss, Mr. Hall suggested that a dismissal of the chapter 7 case would prejudice him because (a) Ms. Ferrell has engaged in obstructive or dilatory tactics in the state court litigation and (b) the pending adversary proceeding would afford him an opportunity to identify assets that may be available to satisfy his claims.   Again, Mr. Hall misunderstands the nature of the pending adversary proceeding.  The only issue for determination in that proceeding is whether there are grounds to deny a discharge.   Discovery and trial will be limited to that issue. The parties are cautioned that the adversary proceeding is not a vehicle to continue or expand what appears to be a long-running legal dispute between Ms. Ferrell and Mr. Hall beyond that which is necessary to answer the section 727 questions.

---

[2] The Court presumes that Mr. Hall is referring to 18 U.S.C. § 3057.  The Court has doubts about whether Mr. Hall, as a creditor, would have standing to make a referral under section 3057.

### C. Conclusion

Although Mr. Hall's arguments may have missed the mark, the bottom line is that Ms. Ferrell bears the burden of demonstrating cause for dismissal. No party offered any evidence in support of the Motion to Dismiss and, as noted above, the motion does not contain factual allegations regarding cause that could be deemed admitted in the absence of objection. *Cf.* D. Me. LBR 9013-1(f). Because she has not met her burden, the Motion to Dismiss is denied.

Date: January 27, 2016

Michael A. Fagone
United States Bankruptcy Judge
District of Maine